**Gohar MANUKYAN; Arshak Manukyan, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 24, 2004.

Decided Sept. 7, 2004.

David L. Ross, Esq., Melanie M. Yang, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioners.

Melanie M. Yang, Esq., Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

Petitioners Gohar Manukyan and her husband, Arshak Manukyan, filed a petition for review, contending that the immigration judge ("IJ") erred in finding that they had not credibly established Mrs. Manukyan's Turkish ethnicity and that the Board of Immigration Appeals' ("BIA") ruling was "boilerplate." They also request that we equitably toll their period to voluntarily depart. Because the BIA adopted the decision of the IJ, we review the IJ's decision as though it were the BIA's. *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004).

Petitioners' credibility was in question because a forensic document examiner determined that the data on Mrs. Manukyan's birth certificate had been chemically altered. The IJ allowed petitioners about a month to respond, advising them to read *In re O–D–,* 21 I. & A. Dec. 1079 (BIA 1998), in which the BIA sustained an adverse credibility determination due to the submission of false documents. At the subsequent hearing, petitioners neither presented testimony from Mrs. Manukyan's sister, who lived in the city where the hearing was held, nor provided an explanation for her absence. We conclude that petitioners' failure to produce "nonduplicative, material, easily available corroborating evidence," or an explanation for the absence of such evidence, after receiving notice that their credibility was contested, supports the IJ's adverse credibility determination. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000); *see also Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997). The BIA's summary affirmance does not offend due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

We grant petitioners' request that the period of voluntary departure be equitably tolled because they filed, and we granted, a motion to stay removal before the voluntary departure period expired. *See Elian v. Ashcroft,* 370 F.3d 897, 899 n. 2 (9th Cir.2004).

Petition DENIED. Petitioners' voluntary departure period tolled from the day they filed the motion to stay removal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.